## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:12-CR-00035-JCB** |
| **vs.** | § | |
| | § | |
| | § | |
| **SIPRIANO RELLES (1)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On October 11, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class A felony, Defendant Sipriano Relles was sentenced on June 12, 2013 by United States District Judge Michael Schneider. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of V, was 140 to 175 months. Defendant was sentenced to imprisonment for a term of 140 months followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include payment of any financial penalty, financial disclosure and drug aftercare. The Court reduced Defendant's sentence to 120 months, based on an amended total offense level of 27, on July 30, 2015.

Defendant completed his term of imprisonment and started his term of supervised release on October 19, 2022. The case was reassigned to United States District Judge J. Campbell Barker on March 3, 2023.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 1, 2023, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition #5): The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.** It is alleged that Defendant was terminated from his employment on August 16, 2023 and he has not been employed since that date.

2. **Allegation 2 (standard condition #6): The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** It is alleged that Defendant admitted to multiple changes in employment on March 2, 2023, and that he failed to notify his probation officer of those changes. It is also alleged that, on the same date, Defendant admitted to changing his residence and failing to notify his probation officer.

3. **Allegation 3 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted urine specimens on March 2, 2023, and June 29, 2023, that tested positive for methamphetamine, as confirmed by lab results. It is also alleged that Defendant submitted urine specimens on August 15, 2023, and August 30, 2023, that tested positive for methamphetamine and MDMA (ecstasy), and that Defendant admitted to using both illicit substances.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class A felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 5 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or MDMA (ecstasy) as alleged in the petition, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was V.  The guidelines provide that Defendant's guideline range of imprisonment is 18 to 24 months.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to maintain employment, failing to notify his probation officer of his changes in employment and residence, or submitting urine specimens that tested positive for methamphetamine and MDMA (ecstasy), as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of V, the guidelines provide a guideline imprisonment range for a Grade C violation of 7 to 13 months.

### Hearing

On October 11, 2023, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Ryan Locker announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for 12 months and 1 day, with no further supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

hearing and entered a plea of "true" to Allegation 1 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to a term of imprisonment of 12 months and 1 day, with no further supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### <u>RECOMMENDATION</u>

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to a term of imprisonment of 12 months and 1 day, with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to a term of imprisonment of 12 months and 1 day, with no further supervised release.

So ORDERED and SIGNED this 11th day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE